UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORANE M. CORNISH JR., )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>CHEYANNE TRIPP et al., )<br>    *Defendants*. ) | 3:24-CV-2019 (SVN)<br><br><br><br><br><br>January 26, 2026 |

### RULING AND ORDER ON MOTIONS TO DISMISS, MOTION FOR LEAVE TO AMEND, AND MOTION FOR SANCTIONS

Sarala V. Nagala, United States District Judge.

Plaintiff Orane M. Cornish Jr., proceeding *pro se*, brings this action against Defendants Cheyanne Tripp and Jaykuan Paris, also proceeding *pro se*, alleging a violation of his rights under the Trafficking Victims Protection Act ("TVPA") and the Fair Housing Act ("FHA").[1]  Plaintiff alleges that Defendants coerced Plaintiff, who resided with Defendant Tripp, into providing free auto repair and sex services under various threats of legal action, eviction, and physical harm, and attempted to recruit Plaintiff into various illegal activities, including drug and sex trafficking. Following an initial review of Plaintiff's complaint that allowed certain claims to proceed and recommended dismissal of others, Plaintiff filed his operative second amended complaint ("SAC"), which both Defendants have now moved to dismiss for failure to state a claim.[2]  In the alternative, Defendants have also moved for a more definite statement.  For the reasons described below, the Court denies Defendants' motions to dismiss as to Plaintiff's TVPA claim; and grants Defendant Paris's motion to dismiss as to Plaintiff's FHA claim; and denies Defendant Tripp's

---

[1] Plaintiff also alleges violations of 42 U.S.C. § 1983, which the Court previously dismissed.  *See* Order, ECF No. 28.
[2] Defendants' motions to dismiss, while filed separately, appear to be identical to each other.  *Compare* Paris MTD, ECF. No. 36 at 1 *with* Tripp MTD, ECF No. 51 at 1 (both containing, for instance, the same incorrect page citation for the *Bell Atlantic* internal case citation).  Because both pleadings are identical—or at the very least contain the same arguments—the Court addresses them here jointly, rather than individually.

motion to dismiss as to Plaintiff's FHA claim. The Court also denies Plaintiff's motion for leave to amend to add a claim under 42 U.S.C. § 1985(2), ECF No. 47, and denies Plaintiff's motion for sanctions against Defendants, ECF No. 53.

I. **FACTUAL BACKGROUND**

The following factual allegations, taken from Plaintiff's SAC are taken as true for purposes of this ruling and order. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In December of 2023, Defendant Tripp invited Plaintiff to live at 18 Talmadge Street in Bristol, Connecticut, representing that the space was habitable. SAC, ECF No. 27, ¶ 7. Upon Plaintiff's arrival, he found no habitable living space at the property, which was later deemed uninhabitable by the City of Bristol. *Id.* ¶ 8; City of Bristol Not., ECF No. 27 at 8–12. Nevertheless, the SAC suggests Plaintiff took up residence there. *See id.* ¶ 9. Defendant Paris, who resides in Connecticut, is an "associate" of Defendant Tripp. *Id.* ¶ 6.

While staying at the property, Plaintiff was "coerced" by Defendants to perform "over $9,000 worth of unpaid labor" on Defendant Tripp's vehicle, under the threat of "eviction, homelessness, and false criminal accusations." *Id*. ¶ 9. Defendants also "attempted to recruit" Plaintiff into distributing fentanyl, and engaging in sex trafficking and various types of fraud. *Id.* ¶ 10. Additionally, Defendant Paris threatened to impose physical harm upon Plaintiff multiple times if he did not engage in sexual activities with Defendant Tripp and if Plaintiff did not drop a pending lawsuit he had filed against Defendant Tripp. *Id.* ¶ 11.[3] Defendant Tripp "conditioned continued housing on Plaintiff's submission to unwanted sexual advances." *Id.* ¶ 18.

---

[3] The Court may take judicial notice of matters of public record, such as a docket sheet. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). Upon an independent search of the Connecticut Superior Court docket, the Court can only find one case by Plaintiff against Defendant Tripp, *Cornish v. Tripp*, HHB-CV-24-5036955-S, which alleges state law claims of negligence, breach of implied warranty of habitability, intentional infliction of emotional distress, and constructive eviction. The action is currently pending in Connecticut Superior Court.

Following these threats of physical harm, Defendant Paris was arrested on January 10, 2025, and a civil protection order was placed against Defendant Paris on Plaintiff's behalf. *Id.* ¶ 12. Despite Plaintiff's multiple requests for a protective order against Defendant Tripp, one has not been issued. *Id*. Plaintiff alleges that the police have received multiple reports regarding threats made to Plaintiff by Defendants. *Id.* ¶ 13; Bristol Incident Reps., ECF No. 27 at 13–19.

Plaintiff further alleges that Defendant Tripp initiated eviction proceedings against Plaintiff and made what he refers to as "fraudulent representations" to the court, claiming the property was habitable, asserting a valid lease existed with Plaintiff, and initiating retaliatory eviction proceedings against Plaintiff. ECF No. 27 ¶ 17.[4] Plaintiff was also subject to further intimidation and threats of violence from Defendant Paris to discourage Plaintiff from pursuing legal claims. *Id.* ¶ 19.

## II.  MOTION TO DISMISS

For the reasons discussed below, the Court denies Defendant Tripp's motion to dismiss in full, and denies in part and grants in part Defendant Paris's motion to dismiss.

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

---

[4] Upon an independent search of the publicly-available Connecticut Superior Court database, the Court cannot locate any case initiated by Defendant Tripp against Plaintiff concerning eviction proceedings. Nonetheless, it takes Plaintiff's allegation about the eviction proceeding as true for purposes of this decision.

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

4

B. <u>TVPA Claim (Count One)</u>

First, Plaintiff brings a claim pursuant to three sections of the TVPA, 18 U.S.C. §§ 1589, 1590, and 1591, alleging that Defendants coerced Plaintiff into performing unpaid labor while living at 18 Talmadge Street, brought him there for that purpose, and forced him to engage in commercial sex acts. ECF No. 27 at 2–4. Because Plaintiff's SAC alleges sufficiently particularized facts to support his TVPA claim against both Defendants, the Court denies both of their motions to dismiss this claim.

Congress enacted the TVPA to prohibit "contemporary manifestation[s] of slavery." *Sahebdin v. Khelawan*, No. 21-CV-2956 (MKB), 2022 WL 4451005, at *4 (E.D.N.Y. Sept. 24, 2022) (citing Pub. L. No. 106-386, § 102, 114 Stat. 1464 (2000)). As relevant here, the TVPA bars (i) forced labor under 18 U.S.C. § 1589; (ii) "trafficking with respect to peonage, slavery, involuntary servitude, or forced labor" under 18 U.S.C. § 1590; and (iii) sex trafficking of children or by force, fraud, or coercion under 18 U.S.C. § 1591.[5]

The TVPA creates a private cause of action for "[a]n individual who is a victim of a violation of [the TVPA]," permitting such individual to "bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595. The statute does not permit individuals who are not the victim of a violation of the TVPA to bring a claim on behalf of a victim. *See Martinez v. 189 Christie St. Partners, LP*, No. 22-CV-3111 (VEC), 2023

---

[5] Plaintiff's complaint also cites to the "unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor" provision under 18 U.S.C. § 1592 of the TVPA. But Plaintiff has not alleged any facts in the SAC that would give rise to a cause of action as to him under this provision. Thus, the Court does not analyze Plaintiff's claims under this provision of the TVPA.

WL 5390442, at *4 (S.D.N.Y. Aug. 22, 2023) ("*The victim* has a private right of action against anyone who violates the TVPA" (emphasis added)).  Plaintiff alleges he is the victim of various actions that are illegal under sections 1589, 1590, and 1591 of the TVPA.[6]  The Court analyzes each section in turn.

    *1. Section 1589*

First, Plaintiff alleges that he is the victim of forced labor, in violation of section 1589. ECF No. 27 ¶ 9.  Because Plaintiff has set forth facts sufficient to allege he was coerced to perform forced labor and suffered harm under the TVPA, Defendants' motions to dismiss are denied as to this ground of Count One.

Section 1589 provides that anyone who:

> "[k]nowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person;
> (3) by means of the abuse or threatened abuse of law or legal process; or
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
> shall be punished[.]"

18 U.S.C. §1859.

"Serious harm" under section 1589(c) means "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious . . . to compel a reasonable person of the same background and in the same circumstances to perform or to

---

[6] The SAC alleges Defendants "attempted to recruit Plaintiff into illegal activities, including drug trafficking (distribution of fentanyl), insurance fraud, bank fraud, and sex trafficking." ECF No. 27 ¶ 10. To the extent Plaintiff attempts to bring a claim for illegal activities that he merely witnessed but did not participate in, or attempts to bring claims on behalf of other potential victims, Plaintiff may not pursue a TVPA claim on these bases, and thus the Court does not consider these issues. *See Martinez*, 2023 WL 5390442, at *4.

6

continue performing labor or services in order to avoid incurring that harm." 18. U.S.C. § 1589(c); *see also Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 93 (2d Cir. 2019) (quoting *id.*).

Plaintiff has alleged sufficient facts to support his forced labor claim. Plaintiff alleges that both Defendants forced him to provide "over $9,000 worth of unpaid labor on [Defendant] Tripp's salvaged vehicle under threat of eviction, homelessness, and false criminal accusations." ECF No. 27 ¶ 9. Further, Plaintiff has included a police report that alleges he and Defendant Tripp had been involved in at least one "verbal argument with [Defendant] Tripp in regards to [Plaintiff] continuing to fix [Tripp's] vehicle." ECF No. 27 at 14.

The Court disagrees with Defendants' contentions that Plaintiff's complaint is "devoid of specific facts" demonstrating the harm Defendants are alleged to have caused, and that "[t]here is no identification of what labor was performed." Paris Mot. to Dismiss, ECF No. 36 at 1–2; Tripp Mot. to Dismiss, ECF No. 51 at 1–2. While Plaintiff's complaint is not clear as to what exact repairs he was performing, it does state that Plaintiff was conducting automobile repairs on Defendant Tripp's vehicle without pay and under threat of eviction and the bringing of false criminal charges. Further, it is clear that Plaintiff felt the need to request the presence of police following altercations with Defendant Tripp about the repair work he was performing. Finally, to the extent Defendants challenge the knowledge requirement in section 1589, Plaintiff has clearly alleged that Defendants "coerced Plaintiff" into performing free labor and affirmatively threatened him with eviction and false criminal proceedings if he did not perform the work. While somewhat conclusory, this allegation is sufficient to establish that Defendants knowingly obtained his labor through force, for purposes of section 1589. *See Paguirigan v. Prompt Nursing Emp. Agency LLC*, 286 F. Supp. 3d 430, 438–39 (E.D.N.Y. 2017) (finding that plaintiff's complaint alleging that

defendants would sue her if she attempted to leave her job was sufficient to establish knowledge under the statute).

Construing the facts in the SAC in the light most favorable to Plaintiff, the Court finds that these allegations are sufficient to demonstrate that Defendants forced Plaintiff to provide free labor under threat of serious harm. *See, e.g.*, *Paguirigan*, 286 F. Supp. 3d at 438 (recognizing that financial harm is "serious" within the meaning of the TVPA); *Akhtar v. Vitamin Herbal Homeopathic Ctr. Inc.*, No. 19-CV-1422 (WFK)(RER), 2021 WL 7186030, at *8 (E.D.N.Y. Apr. 30, 2021) (recognizing that "threats of physical abuse and abuse of legal process . . . are sufficient to establish liability" under the TVPA). Thus, the Court denies Defendants' motions to dismiss on this portion of Plaintiff's TVPA claim.

    2. *Section 1590*

Second, Plaintiff alleges that Defendants violated section 1590, relating to peonage, slavery, involuntary servitude, or forced labor. Because Plaintiff has sufficiently alleged facts demonstrating Defendants knowingly recruited Plaintiff to perform unpaid labor, the Court denies Defendants' motions to dismiss.

Section 1590 provides that anyone who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of" the statutes prohibiting slavery, forced labor or involuntary servitude, is guilty of trafficking. 18 U.S.C. § 1590(a). Plaintiff's complaint alleges he arrived at 18 Talmadge Street after Defendants had "falsely represent[ed]" that the space was habitable, and then proceeded to perform free forced labor on Defendant Tripp's vehicle under threat of eviction or legal action. ECF No. 27 ¶¶ 7, 9. Construing Plaintiff's complaint in the light most favorable to him, Plaintiff has alleged that Defendants harbored Plaintiff at 18 Talmage Street while both Defendants forced him, through threat of eviction and legal proceedings, to perform free labor on Defendant Tripp's vehicle. Defendants

8

have not raised any specific arguments as to Plaintiff's allegations under this section, but merely rely on the same generalized objections of lack of particularity and lack of knowledge, which are not persuasive here. As such, Defendants' motions to dismiss are denied as to Plaintiff's section 1590 claim as well.

       3. *Section 1591*

Third, Plaintiff alleges that Defendants sex trafficked him through force, fraud, or coercion under section 1591 of the TVPA. Because Plaintiff has alleged sufficient facts to establish that Defendants forced Plaintiff to engage in commercial sex acts through threats of force and coercion, Defendants' motions to dismiss are denied as to Plaintiff's section 1591 claim.

Section 1591 provides:

> (a) Whoever knowingly--
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished[.]

18 U.S.C. § 1591.

"Commercial sex act" is defined in section 1591(e)(3) as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Section 1591 is "a broad statute" with "a plain and unambiguous meaning," and thus "ought to be interpreted broadly." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 516 (S.D.N.Y. 2018).

Plaintiff's complaint alleges that Defendant Tripp explicitly conditioned "continued housing," something of economic and personal value, "on Plaintiff's submission to unwanted

9

sexual advances." ECF No. 27 ¶ 18. Further, Plaintiff alleges that Defendant Paris "further intimidated Plaintiff" in order "to discourage Plaintiff from asserting his rights" in response to the advances. *Id.* ¶ 19. Thus, Plaintiff alleges that Defendant Tripp made unwanted sexual advances on Plaintiff, and if Plaintiff resisted, threatened to revoke his housing. In other words, Defendant Tripp knowingly threatened the loss of something of value (Plaintiff's housing) should Plaintiff not engage in a commercial sex act as defined under the statute. Defendant Paris, meanwhile, knowingly threatened Plaintiff to prevent him from reporting Defendant Tripp's actions. *Id.* ¶ 11. While Plaintiff has incorrectly included these allegations in the FHA portion of his complaint, the Court finds that Plaintiff has sufficiently alleged a claim under section 1591, when construing Plaintiff's SAC to raise the strongest arguments it contains, and interpreting section 1591 broadly in accordance with its intended scope. Thus, the Court denies Defendants' motions to dismiss Count One, insofar as it alleges a section 1591 claim.

C. FHA Claim

Plaintiff has also alleged a claim under the FHA. Because Plaintiff has sufficiently alleged Defendant Tripp—as his landlord—took various actions against him on the basis of sex, a protected class under the statute, Defendant Tripp's motion to dismiss is denied as to this claim. Defendant Paris' motion to dismiss the FHA claim, however, is granted.

Congress enacted the FHA "to eradicate discriminatory practices" within the housing sector. *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 539 (2015). Section 3604(b) of the FHA makes it "unlawful" for landlords to "discriminate against any person in the . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b); *see also Haber v. ASN 50th St. LLC*, 847 F. Supp. 2d 578, 584–585 (S.D.N.Y. 2012) (recognizing that Section 3604(b) applies to "private actors in the housing market").

10

Courts in this Circuit construe section 3604(b) "'to prohibit the creation of a 'hostile environment' by individuals who have control or authority over the terms, conditions, or privileges of sale or rental of a dwelling, similar to the prohibition imposed by Title VII against the creation of a hostile work environment.'" *Smith v. New Neighborhoods, Inc.*, No. 3:24-CV-327 (KAD), 2025 WL 2615052, at *7 (D. Conn. Sept. 10, 2025) (quoting *Favourite v. 55 Halley St., Inc.*, 381 F. Supp. 3d 266, 277 (S.D.N.Y. 2019) (internal citation omitted)). "Applied to the housing context, a claim [for hostile environment] is actionable when the offensive behavior unreasonably interferes with use and enjoyment of the premises." *Mohamed v. McLaurin*, 390 F. Supp. 3d 520, 548 (D. Vt. 2019) (internal citation omitted). To assert a hostile housing environment claim, Plaintiff must establish "'(1) that [he] was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile housing environment; (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the landlord.'" *Smith*, 2025 WL 2615052, at *7 (quoting *A.L.M. ex rel. Moore v. Bd. of Managers of Vireum Schoolhouse Condo.*, No. 19-2771, 2021 WL 5121137, at *1 (2d Cir. Nov. 4, 2021) (summary order)). Sexual harassment can be cognizable through a hostile housing environment claim in this Circuit. *See Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *4 (E.D.N.Y. May 30, 2014) (collecting cases). The plaintiff must also show a relationship between the discriminatory conduct and housing. *Id.* at *5.

Here, Plaintiff has sufficiently alleged a hostile housing environment claim under the FHA against Defendant Tripp based on her alleged sexual harassment of him while serving as his landlord. Plaintiff alleges that Defendant Tripp conditioned his "continued housing" on Plaintiff's submission to "unwanted sexual advances." ECF No. 27 ¶ 18. Plaintiff has therefore satisfied each element of his hostile housing environment claim as to Defendant Tripp: (i) he was subjected

11

to a severe form of harassment (unwanted sexual advances) multiple times and threatened with eviction if he did not comply; (ii) on the basis of sex; (iii) directly by his landlord. Defendant Tripp's alleged harassment was tied to Plaintiff's housing through her threats of eviction if Plaintiff did not comply.

Defendants' motions to dismiss offer little opposition to Plaintiff's claims. Defendants assert that Plaintiff merely makes a "vague reference to contacting Bristol authorities," and fails to tie the alleged sexual harassment to any "lease or legal tenancy." ECF No. 36 at 2; ECF No. 51 at 2. But Plaintiff has clearly alleged in the SAC that he resided at 18 Talmadge Street, where Defendant Tripp was his landlord. This is further supported by the Bristol Police report, which states that Plaintiff reported "his residence" as 18 Talmadge Street, and by a property report for 18 Talmadge Street which list Defendant Tripp as the owner. ECF No. 27 at 14; Property Rep., *Id.* at 20. Thus, Plaintiff has adequately stated an FAC hostile housing environment claim against Defendant Tripp.

As for Defendant Paris, the Court construes the statement in his motion that Plaintiff's "[a]llegations of 'quid pro quo' harassment lack specificity and fail to tie conduct to actionable housing discrimination," to argue that Defendant Paris is not liable for a claim under the FHA as he is not Plaintiff's landlord. ECF No. 36 at 2. The Court agrees that Plaintiff fails to state a FHA hostile housing environment claim against Defendant Paris. Although Plaintiff alleges that Defendant Paris "threatened to impose physical harm upon [him]" if he did not engage in sexual activity with Defendant Tripp, Plaintiff does not sufficiently tie Paris' alleged threats of physical harm to Plaintiff's housing arrangement with Defendant Tripp. Paris is not alleged to have lived in the home or have any landlord-tenant relationship with Plaintiff. Accordingly, Plaintiff's FHA

12

claim against Defendant Paris must be dismissed. *See Cain*, 2014 WL 2440596, at *5 (recognizing the need to show a relationship between the discriminatory conduct and housing).

The Court dismisses Plaintiff's FHA claim against Defendant Paris without leave to amend. District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given such opportunity, but has failed to cure these deficiencies, and where leave to amend would be "futile." *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court previously granted Plaintiff leave to attempt to replead his FHA claim. *See* Order, ECF No. 25. Having given Plaintiff the opportunity to amend his claim, and because leave to amend would be futile as against Defendant Paris given that he was not Plaintiff's landlord and did not have any other sufficient connection to Plaintiff's housing, the Court dismisses the claim against Paris without leave to amend.

### III. MOTION FOR A MORE DEFINITE STATEMENT

In the alternative, "[i]n the event the Court finds any part of the complaint survives," Defendants have also moved for a more definite statement under Rule 12(e). Because Defendants have not identified particular deficiencies in Plaintiff's amended complaint, and because the amended complaint meets the basic requirements of Rule 8, Defendants' request is denied.

Rule 12(e) allows a party to move for a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Any such motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects

13

complained of and the details desired." *Id.* A Rule 12(e) motion "should not be granted if the allegations in the complaint comply with Rule 8." *ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007) (citing *Pullen v. Northstar Presidio Mgmt. Co., LLC*, No. 3:98-CV-771 (WWE)DW, 1998 WL 696010, at *1 (D. Conn. Sep. 11, 1998). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) motions "are generally not favored and should not be granted as a substitute for discovery," but nevertheless "the granting of a motion for a more definite statement is within the discretion of the Court." *Ramey v. Morgan*, No. 3:17-CV-01086 (JAM), 2017 WL 5171846, at *2 (D. Conn. Nov. 7, 2017) (citing *Clayton v. City of Middletown*, 237 F.R.D. 538, 539 (D. Conn. 2006)).

Defendants have failed to meet their burden under the rule. First, Defendants do no more than make conclusory statements that Plaintiff's complaint is "vague, ambiguous, and conclusory," without pointing out any specific defects within Plaintiff's SAC or putting forth specific details that Defendants require to sufficiently respond as required under Rule 12(e). ECF No. 51 at 2; ECF No. 36 at 2. Further, even if these conclusory statements were sufficient, Plaintiff's SAC comports with the minimal requirements of Rule 8. Plaintiff's complaint, while perhaps short on facts, nevertheless puts forth concise statements detailing specific allegations as against each Defendant and describing various conduct by each Defendant giving rise to judicable claims. The Court finds thus that Plaintiff has put forth sufficient, specific, factual allegations for Defendants to determine and adequately respond to the claims against them. Indeed, Defendants have actually responded to the SAC with their motions to dismiss. Given this, and the general disfavor to dismiss complaints on a Rule 12(e) motion, Defendants' requested relief is denied.

IV.     **MOTION FOR LEAVE TO AMEND**

While Defendant Paris's motion to dismiss was pending, Plaintiff filed a motion for leave to amend his complaint, to add a claim under 42 U.S.C. § 1985(2), accusing Defendants of "engaging in threats, intimidation, and obstruction intended to interfere with Plaintiff's participation in civil litigation and the fair administration of justice, including his rights to seek redress, access the courts, and be free from retaliation for initiating legal proceedings." Proposed Third Am. Compl, ("TAC"), ECF No. 48 ¶ 21; *see also* Mot. for Leave to Am., ECF No. 47. Plaintiff argues that this claim arises "directly from the same factual nucleus" as his FHA and TVPA claims and is "narrowly tailored to address threats and obstruction directed at Plaintiff's participation in civil proceedings." ECF No. 47 at 2.

As described above, leave to amend may be denied if the amendment would be futile. *Ruotolo*, 514 F.3d at 191. And an amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *Lucente*, 310 F.3d at 258. Here, although Defendants have not opposed Plaintiff's motion for leave to amend, the Court denies the motion because the proposed claim under 42 U.S.C. § 1985(2) is not plausibly pleaded.

Subsection 1985(2) permits a private party to bring suit:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified ...;
>
> or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).

Plaintiff alleges that Defendant Paris threatened him with physical harm if he did not drop the lawsuit Plaintiff had initiated against Defendant Tripp, *see* ECF No. 27 ¶ 11; ECF No. 48 ¶ 11. But this allegation does not plausibly allege that Defendants Tripp and Paris conspired to threaten Plaintiff from attending court in a federal court or testifying in that proceeding, as required to satisfy the first provision of section 1985(2). To start, Plaintiff's lawsuit against Defendant Tripp is pending in Connecticut Superior Court, not in federal court, so the first provision of section 1985(2) does not apply on its face. *Zemsky v. City of N.Y.*, 821 F.2d 148, 151, n.4 (2d Cir. 1987) (recognizing that the first clause of section 1985(2) prohibits "conspiracy to interfere with federal court proceedings"). Second, Plaintiff alleges no agreement, implicit or explicit, between Defendants Tripp and Paris for these threats of physical harm; it is equally plausible that Defendant Paris acted alone in making the threats as that he and Tripp conspired to do so. Nor does Plaintiff sufficiently allege that any such possible conspiracy was made to deter him from attending court or testifying in any proceeding, much less one in federal court. Thus, the first clause of section 1985(2) is not satisfied.

Nor does Plaintiff state a plausible claim under the second clause of section 1985(2), which requires a showing of "discriminatory 'racial, ethnic, or class-based animus' motivating the conspirators' action." *Khan v. City of N.Y.*, No. 14-CV-4665 (SLT) (VMS), 2016 WL 1128298, at *7 (E.D.N.Y. Feb. 1, 2016) (quoting *Simon v. City of N.Y.*, 12 Civ. 1596, 2012 WL 4863368, at *4 (E.D.N.Y. Oct. 11, 2023)); *see also Zemsky*, 821 F.2d at 151 ("A plaintiff states a viable cause of action under Section 1985[2] . . . only by alleging a deprivation of his rights on account of his membership in a particular class of individuals."). Plaintiff has not sufficiently alleged his membership in a protected class, nor any discriminatory animus on the part of Defendants.

For these reasons, the Court denies Plaintiff's motion for leave to amend. The SAC will remain the operative complaint.

## V.   MOTION FOR SANCTIONS

Finally, Plaintiff has moved for various sanctions against Defendants—including that the Court strike Defendants' motions to dismiss, order that Defendants file notices of appearance, and impose monetary sanctions against Defendants, including reimbursement of Plaintiff's "costs and time spent responding to improperly filed motions." ECF No. 53. The Court denies these requests.

Plaintiff is correct that Defendants initially disregarded the Court's orders requiring that they file notices of appearance as self-represented parties, and that Defendant Tripp failed to do so even after the order was remailed to her. *See, e.g.*, Orders, ECF No. 43, 58, 68. Defendant Tripp still has not filed a notice of appearance, though Defendant Paris has. *See* Paris Not. of Appearance, ECF No. 67. Defendants also failed to participate in the Rule 26(f) conferral process, as required. *See* Order, ECF No. 72.[7] Sanctions could therefore be appropriate under Rule 16(f), for failure to obey a scheduling or other pretrial order. The Court does not find, however, that Defendants have violated Federal Rule of Civil Procedure 11. As to the possible imposition of sanctions under Rule 16(f), the Court exercises its discretion not to impose sanctions on Defendants at this time, given their *pro se* status. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 290–91 (2d Cir. 2021) (noting that sanctions under Rule 16(f) are within the district court's discretion).

---

[7] One of the Defendants moved to be excused from the Rule 26(f) conferral requirements because of a pending restraining order. *See* Mot. to be Excused from Rule 26(f) Conf., ECF No. 73. The Court denied that motion because it was not signed, and thus the Court could not be certain which Defendant had filed it. *See* Order, ECF No. 76. The Court also required Defendant Paris to file a change of address notice by December 22, 2025, since Plaintiff alleged Defendant Paris had moved. *See* Order, ECF No. 72. To date, no change of address form has been received, so the Court assumes Defendant Paris' address has not, in fact, changed.

17

Now that the motions to dismiss have been resolved and certain claims against Defendants will be proceeding, however, the Court expects Defendants to fully comply with all orders of the Court and the relevant federal and local rules, and it will consider imposing sanctions if there is noncompliance going forward.

## VI.   CONCLUSION

For the reasons set forth herein, Defendant Paris' motion to dismiss at ECF No. 36 is denied as to Count One (TVPA claim) and granted as to Count Two (FHA claim).  Defendant Tripp's motion to dismiss at ECF No. 51 is denied as to both Counts One and Two.

Plaintiff's motion for leave to amend the SAC, ECF No. 47, is denied.  Plaintiff's motion for sanctions, ECF No. 53, is also denied.

Defendants shall file an answer to Plaintiff's complaint by February 17, 2026.  Additionally, Plaintiff and *both Defendants* shall file a joint Rule 26(f) report by February 24, 2026.  If a restraining order remains in place between Plaintiff and any Defendant, Plaintiff or that Defendant may move to be excused from the requirement to confer, and may thereafter submit separate reports.

**SO ORDERED** at Hartford, Connecticut, this 26th day of January, 2026.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE